

IN THE
TENTH COURT OF APPEALS

No. 10-13-00317-CV

IN THE INTEREST OF J.B., A CHILD

From the 74th District Court
McLennan County, Texas
Trial Court No. 2011-507-3,2

MEMORANDUM OPINION

Christopher Antwon Blackwell attempts to appeal the termination of his parental rights as to J.B. By letter dated September 19, 2013, the Clerk of this Court notified Blackwell that his notice of appeal appeared untimely. From the information we received, it appeared the trial court's judgment of termination as to J.B. was rendered on January 11, 2013. Thus, the notice of appeal as to his judgment was due January 31, 2013. *See* TEX. FAM. CODE ANN. § 263.405(a) (West Supp. 2012); TEX. R. APP. P. 26.1(b). It was not filed until September 13, 2013. In the same letter, the Clerk warned Blackwell that we would dismiss this appeal unless, within 21 days from the date of the letter, a response was filed showing grounds for continuing the appeals.

In what appears to be a response to the Clerk's September 19, 2013 letter, we received a document from Blackwell dated September 24, 2013 and styled, "Motion to Change Venue/Art. 28.01(1)(7) C.CR.Proc. Art. 31.03)." In that response, Blackwell referenced a letter received from the Court dated April 10, 2013 notifying him that his writ of mandamus was filed. That particular mandamus, however, was denied and dismissed on April 18, 2013. He also referenced the two appellate case numbers currently pending with this Court: 10-13-00317-CV, and 10-13-00321-CV. Neither of those case numbers represents mandamus proceedings. Rather, they each represent current appeals, including this appeal, regarding the termination of Blackwell's parental rights. Further, this reference asserts, without citing applicable authority, that there is no statute of limitations on such appeals. This assertion is contrary to the Texas Rules of Appellate Procedure. TEX. R. APP. P. 26.1(b). Accordingly, because Blackwell's notice of appeal was very untimely and his response did not provide grounds for continuing the appeal, this appeal is dismissed.

Additionally, in his response, Blackwell requests to have the Texas Supreme Court order all documents transferred from this Court to another venue. This Court has no authority to order the Texas Supreme Court to transfer venue of this appeal nor does this Court have the authority to transfer venue of this appeal to another court of appeals. Accordingly, Blackwell's motion to transfer venue is dismissed for want of jurisdiction.

TOM GRAY
Chief Justice

Before Chief Justice Gray,
      Justice Davis, and
      Justice Scoggins
Appeal dismissed
Motion dismissed
Opinion delivered and filed October 24, 2013
[CV06]